UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re:<br><br>GKNY1 INC.<br><br>                                         Debtor. | NOT FOR PUBLICATION<br><br>Chapter 11<br><br>Case No. 25-12114 (MG) |
|---|---|

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART HWA 1290'S MOTION TO LIFT STAY AND FOR
ADDITIONAL RELIEF**

*A P P E A R A N C E S*:

**GREENBERG TRAURIG, LLP**
*Attorneys for HWA 1290 III LLC, HWA
1290 IV LLC, and HWA 1290 V LLC*
One Vanderbilt Avenue
New York, NY 10017
By:    Daniel J. Ansell, Esq.
           Kenneth A. Philbin, Esq.
           Jarret S. Meskin, Esq.

**ELIO FORCINA, ESQ.**
*Attorney for the Debtor*
66-85 73rd Place
Middle Village, NY 11379
By:    Elio Forcina, Esq.

**MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE**

## I.    BACKGROUND

Pending before the Court is creditor-landlord HWA 1290 III LLC, HWA 1290 IV LLC, and HWA 1290 V LLC's, as Tenants-in-Common ("HWA 1290"), motion to compel immediate payment of administrative rent and for relief from the automatic stay (the "Motion," ECF Doc. # 23). HWA 1290 is seeking administrative rent payments and relief from the stay in connection

with property previously leased by GKNY1 Inc. (the "Debtor") located at 1290 Avenue of the Americas, New York, NY (the "Premises").

The Debtor entered into a nonresidential lease agreement with HWA 1290 for the Premises on April 4, 2002 (the "Lease", Motion, Ex. B). The parties entered a Second Amended Lease in 2021. (Motion, Ex. G.) The Lease was set to expire on December 31, 2031. (*Id.* at § 2(c).)

The Debtor failed to pay rent due to HWA 1290 pursuant to the Lease from June 1, 2025, through July 23, 2025, in the amount of $408,703.24 (the "Rental Arrears"). (Declaration of Sean Sherman, the "Sherman Decl.," ECF Doc. # 25 ¶ 4.)

HWA 1290 served the Debtor with a Notice to Cure dated July 25, 2025, requiring the Debtor to cure the default on or before August 5, 2025. (Motion ¶ 12, Ex. H.) Debtor made a partial payment of $82,227.85 to HWA 1290 on August 7, 2025. (Sherman Decl. ¶ 6.)

Upon the failure to make full payment of the Rental Arrears, HWA 1290 served the Debtor with a Termination Notice on August 19, 2025, terminating the Lease and demanding the Debtor vacate the Premises by August 31, 2025. (Motion, Ex. I.) The Debtor failed to vacate and deliver possession. (Sherman Decl. ¶ 7.)

HWA 1290 subsequently commenced a holdover proceeding in State Court seeking to recover possession of the Premises. On September 26, 2025, the HWA 1290 filed a Stipulation of Settlement signed by the Debtor where the Debtor consented to the entry of judgment of possession of the Premises to HWA 1290 and the immediate issuance of a warrant of eviction directing removal of the Debtor. (Motion, Ex. K ¶ 3.) Before the State Court could "so order" the Stipulation of Settlement, the Debtor filed the voluntary petition for Chapter 11 relief (the

"Voluntary Petition") on September 28, 2025, and commenced this bankruptcy case. (ECF Doc. # 1.)

Per the Lease, the Debtor's failure to pay due rent after HWA 1290 delivered a written notice to cure granted HWA 1290 the ability to give "three days' notice of cancellation of this Lease, in which event this Lease shall *come to an end and expire (whether or not the term shall have commenced) upon the expiration of such three day period* with the same force and effect as if the date of expiration of such three days were the Expiration date stated herein." (Lease at § 18) (emphasis added). This provision is a "conditional limitation" clause, enforceable under New York law. *See, e.g., In re Velo Holdings Inc.*, 475 B.R. 367, 382 (Bankr. S.D.N.Y. 2012); *In re Policy Realty Corp.*, 242 B.R. 121, 127-28 (S.D.N.Y. 1999).

## II. ANALYSIS

Given the events described above, the Lease terminated and expired by its terms no later than August 31, 2025, the date on which the Debtor was to vacate the Premises. As this occurred before the filing of the Voluntary Petition, the lease is not a part of the bankruptcy estate. *See Durso Supermarkets v. D'Urso (In re Durso)*, 193 B.R. 682, 701 (Bankr. S.D.N.Y. 1996) ("In essence, once the lease was terminated, [the Debtor-tenant] lost whatever legal rights it had under the lease. Therefore, that lease never became property of the estate.").

Since the lease terminated before the bankruptcy petition was filed, the automatic stay was never triggered. *See* 11 U.S.C. § 362(b)(10) ("The filing of a petition under section 301 . . . does not operate as a stay . . . under subsection (a) of this section, of any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property."). The Debtor lost the ability to assume the lease. *See* 11 U.S.C. §

3

365(c)(3) ("The trustee may not assume or assign any . . . unexpired lease of the debtor if . . . such lease is of nonresidential real property and has been terminated under applicable nonbankruptcy law prior to the order for relief.").

### III.   CONCLUSION

As the Lease expired before the commencement of the bankruptcy case, the Lease is not property of the estate. The automatic stay imposed by 11 U.S.C. § 362 as well as the provisions of 11 U.S.C. § 365 do not apply to the Lease or the Premises. GKNY1 can file an administrative claim for unpaid post-petition rent in this chapter 11 case; it is not entitled to immediate payment.

**IT IS SO ORDERED THAT:**

1. The automatic stay does not apply, and the Landlord may complete the eviction of the Debtor from the Premises; and

2. Relief regarding the immediate payment of administrative rent per 11 U.S.C. § 365 is **DENIED WITHOUT PREJUDICE**.

Dated:    January 8, 2026
         New York, New York

                                    *Martin Glenn*
                                    _____
                                    MARTIN GLENN
                                    Chief United States Bankruptcy Judge

4